UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-24179-CV-SEITZ
(09-20964-CR-SEITZ)
MAGISTRATE JUDGE REID

ALBERTO GRAJALES,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## **REVISED REPORT OF MAGISTRATE JUDGE**

### I.   Introduction

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; Rules 8 and 10 Governing Section 2255 Proceedings in the United States District Courts; and upon the Court's directive recommitting the matter in light of recent rulings by the Eleventh Circuit Court of Appeals [CV ECF No. 14].[1]

Movant filed an amended *pro se* motion to vacate pursuant to 28 U.S.C. § 2255, along with a supporting memorandum, attacking the constitutionality of his conviction and sentence entered following a jury verdict in Case No.

---

[1] Citations to "CV ECF No. ___" refer to documents filed in the instant habeas proceeding. Citations to "CR ECF No. ___" refer to documents filed in the underlying criminal case.

09-24179-CR-SEITZ. [CV ECF No. 8, 9].

The Court has reviewed the amended motion and memorandum [CV ECF Nos. 8, 9]; the Government's response to the Court's order to show cause, along with its exhibits [CV ECF No. 16, 17]; all pertinent portions of the underlying criminal record; and the decision of Eleventh Circuit Court of Appeals affirming Movant's conviction in *United States v. Grajales*, 567 F. App'x 771 (11th Cir. 2014).

## II.    Claims

Construing the § 2255 motion liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), Movant raises the following claims:

1. Section 924(c) is void for vagueness and should be vacated in accordance with *Johnson v. United States*, 135 S. Ct. 2551 (2015), and by extension, *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). [CV ECF No. 8 at 5).

2. The indictment is illegal and unconstitutional because Counts 1 and 3 charge the same elements in violation of *U.S. v. Reedy*. [*Id*. at 6].

3. Movant's conviction is illegal based on an entrapment defense.[2] [*Id*. at 8].

4. Counsel was ineffective during the entire course of

---

[2]  Movant raised this claim on direct appeal.

2

representation for failure to argue any mitigating factors that would have resulted in a more favorable sentence. [*Id.* at 9].

5.    Also, throughout the petition, Movant alleges that he is unaware whether his attorney filed an appeal or, alternatively, that his attorney refused to file an appeal when he specifically instructed him to do so. [*Id.* at 5, 7, 8, 11, and 12].

Movant acknowledges that his petition is filed more than one year after the judgment of conviction became final, but relies upon *Dimaya*, to overcome the lack of timeliness.

To briefly summarize the instant proceeding, the law related to Movant's *Johnson/Dimaya* claim (Claim 1) has evolved. Namely, the Supreme Court of the United States held that what are referred to as the residual clauses of the Armed Career Criminal Act (the "ACCA") and 18 U.S.C. § 16(b) (a provision of the criminal code incorporated into the Immigration and Nationality Act (the "INA")) were void for vagueness. *See Johnson*, 576 U.S. at 591; *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. at 1223. Initially, the Eleventh Circuit held in *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017), that *Johnson* did not apply to § 924(c) challenges or extend to invalidate § 924(c)'s residual clause, § 924(c)(3)(B). However, the Eleventh Circuit vacated its decision in *Ovalles*. The second time around, the Eleventh Circuit nevertheless held that § 924(c)'s residual clause was not unconstitutionally vague. *Ovalles v. United States*, 905 F.3d 1231, 1252 (11th Cir.

3

2018). Ultimately, the Supreme Court overruled *Ovalles* and held that § 924(c)(3)(B) is, indeed, unconstitutionally vague. *See Davis*, 588 U.S. at ___, 139 S. Ct. at 2336.

Accordingly, based on the state of the law at that time, the Undersigned issued an initial Report and construed Movant's Claim 1 as one filed under *Davis*; however, and recommended that the Court dismiss the entire § 2255 motion as untimely. [CV ECF No. 12]. *Johnson* and *Dimaya* did not apply to Movant's case; and *Davis* had not yet been made retroactively applicable. [CV ECF No. 12]. Alternatively, the Report explained that, even if *Davis* were retroactively applicable, Claim 1 would fail because Movant's convictions for drug trafficking, substantive Hobbs Act robbery, and attempted Hobbs Act robbery qualified as crimes of violence under § 924(c)'s elements clause [*Id*.]. Thus, Movant's § 924(c) conviction did not rely on the now-defunct residual clause. [*Id*.].

Shortly after the Report issued, the Eleventh Circuit held that *Davis* is retroactively applicable to cases on collateral review. *In re Hammoud*, 931 F.3d 1032, 1039 (2019); *see also In re Cannon*, 931 F.3d 1236 (11th Cir. 2019). Furthermore, the Eleventh Circuit held that conspiracy to commit Hobbs Act Robbery is not a crime of violence as defined by § 924(c). *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019). Accordingly, this revised report is necessary.

### III.   Relevant Procedural History

In recommitting this case, the Court outlined the procedural background of

Movant's case as follows:

> This case involves an undercover reverse sting operation related to the planning and attempt by the Movant to commit armed robbery of multiple grams of cocaine. The Movant was charged in five counts in the Indictment. Counts 1 and 2 alleged conspiracy and attempt to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951[,] § 1951(a); Counts 3 and 4 alleged conspiracy to possess and attempt to possess five kilograms or more of cocaine in violation of 21 U.S.C. § 846. Count 5 alleged possession of a firearm in furtherance of a crime of violence and a drug trafficking crime, as set forth in Counts 1, 2, 3, and 4, in violation of 18 U.S.C. § 924(c)(1)(A). After a jury trial, Movant was convicted on all five counts. The verdict form did not specify which crime or counts supported the Count 5 conviction. [DE 372]. The [Movant] was sentenced to 160 months as to Counts 1-4, to be served concurrently with each other, and 60 months as to Count 5, to be served consecutively to the terms imposed in Counts 1-4. [CR-DE 382 at 2].
>
> On May 27, 2014, the Eleventh Circuit affirmed Movant's conviction on direct appeal . . . Based upon a reduction in the relevant United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2), on July 22, 2016, the [Movant's] sentence was reduced to 151 months as to Counts One, Two, Three, and Four to run concurrently, and 60 months for Count F[]ive to run consecutively to the first four counts, for a total of 211 months. [CR-DE 437].

*See* Order [CV ECF No. 14 at 2-3].[3]

---

[3] At his first trial, a jury previously convicted Movant of the same crimes. On appeal, the Eleventh Circuit reversed the convictions because the trial court judge erred when she failed to give the jury the requested entrapment instruction, instructed the jury that Movant's mistaken belief that he was helping law enforcement had to be reasonable, and excluded Movant's

Movant's conviction became final 90 days after his conviction was affirmed, on **August 25, 2014**, when the time to seek a writ of certiorari expired. Therefore, Movant had until **August 25, 2015**, within which to file a timely federal habeas petition. On **October 1, 2018**, Movant initiated the instant proceeding with a habeas petition under 28 U.S.C. § 2241. [CV ECF No. 1]. Movant agreed with the recharacterization of his motion as one filed under § 2255 and, subsequently, filed the instant motion with the supporting memorandum. [CV ECF Nos. 8, 9].

## IV.    Standard of Review of Section 2255 Motions

Generally, a movant may collaterally attack his federal conviction or sentence when it violates the Constitution or federal law, exceeds the maximum authorized by law, is imposed without jurisdiction, or is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage

---

testimony regarding a confidential informant's statements. *See United States v. Grajales*, 450 F. App'x. 893, 899, 901-02 (11th Cir. 2012) (unpublished).

As to the more recent appeal, the Eleventh Circuit noted: "Although [Movant's] indictment charged him with possessing a firearm in furtherance of a crime of violence and a drug-trafficking crime, it was necessary for the jury only to find [Movant] possessed a firearm in furtherance of a crime of violence or a drug-trafficking crime. *See United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) (explaining, where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means)." *United States v. Grajales*, 567 F. App'x 771, n.3 (11th Cir. 2014).

of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations, internal quotation marks, and bracket omitted). Conviction of "an act that the law does not make criminal [i.e., actual innocence]" "inherently results in a complete miscarriage of justice." *See Davis v. United States*, 417 U.S. 333, 346 (1974); *see also Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (*en banc*).

## V.   Threshold Issue – Timeliness – Claims 2 Through 5 are Time Barred

Movant suggests that his claims are timely under *Johnson* and *Dimaya,* and, now, *Davis.* However, for the reasons stated below, Claims 2 through 5, are procedurally barred as untimely because these cases are inapplicable the claims.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") created a time limitation for filing a motion to vacate. Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitations applies to a motion under the section. The one-year period runs from the latest of:

1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) *cert. denied,* 139 S. Ct. 1168 (2019) (internal citations omitted).

### A.  Section 2255(f)(1)

As discussed above, Movant's conviction became final on **August 25, 2014**. Movant had one year from the time his conviction became final within which to timely file this initial collateral proceeding. Movant filed the instant petition on **October 1, 2018**, at which point **1,498 days** had elapsed.

The Court's 2016 order granting Movant's motion pursuant to 18 U.S.C. § 3582(c)(2) does not constitute a new judgment. Section 3582 authorizes only a limited adjustment to an otherwise final sentence because, generally, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 820 (2010) *citing* § 3582(c). Section 3582(c)(2) is the exception to the rule: a sentence may be modified only "if such a reduction is consistent with applicable policy statements issued by the Sentencing

8

Commission." *Id.* "When the Commission makes a Guidelines amendment retroactive . . . § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Id.* at 821. More importantly, [b]y its terms, § 3582 does not authorize a sentencing or resentencing proceeding. Instead, it provides for the "modification of a term of imprisonment by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission . . . [and] only applies to a limited class of prisoners . . . those whose sentence was based on a sentencing range subsequently lowered by the Commission." *Id.* at 825-826. Accordingly, the text of § 3582(c)(2) in conjunction with the narrow scope "shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 827. In short, § 3582(c)(2) is limited in scope and purpose and "represents a congressional act of lenity." *Id.* at 818. Moreover, a modification pursuant to § 3582(c)(2) is not a resentencing is clarified by Fed. R. Crim. P. 43, which requires a defendant to be present at sentencing but excludes a sentence under Rule 35 or § 3582(c). *Id.* at 828-29. *See also United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

Consequently, Movant is not entitled to statutory tolling of the limitations period.

## B. *Section 2255(f)(2) and (3)*

For purposes of timeliness, however, the inquiry is not at an end. Pursuant to § 2255(f)(2), the limitations period commences from the date on which the impediment created by the government is removed if such impediment prevented Movant from timely filing the motion. Movant makes no such assertion; nonetheless, the government did not create any impediment that would have prevented Movant from timely filing his motion.

Rather, construing Movant's argument liberally, and in light of the more recent *Davis* opinion, he argues that his motion is timely under *Johnson*, *Dimaya*, or *Davis*. In order for a Supreme Court decision to restart the limitations it must recognize a new right and be retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3); *see also Beeman v. United States,* 871 F.3d 1215, 1219 (11th Cir. 2017). However, in *Beeman*, the Eleventh Circuit, explained that analysis under § 2255(f) "requires a claim-by-claim approach to determine timeliness." *Id*. Thus, the Court "must determine whether each claim asserted in the motion depends on that new decision. If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed." *Id*.

Accordingly, *Johnson*, *Dimaya*, and *Davis*, although made retroactively applicable, cannot be used to toll the limitations of claims over which they do not

apply. In analyzing Movant's claims, he alleges the indictment was illegal and unconstitutional (Claim 2); his conviction is illegal because it was the result of entrapment (Claim 3); along with two allegations of ineffective assistance of counsel for failure to present mitigating factors to reduce his sentence and failure to file an appeal (Claims 4 and 5). None of these claims are related to any of the defunct, residual clauses of the ACCA, § 16(b), or § 924(c). Therefore, Claims 2 through 5 are procedurally barred and warrant DISMISSAL.

However, *Davis*, decided on **June 24, 2019**, was made retroactively applicable by *In re Hammoud;* therefore, Movant had until **June 24, 2020**, to raise his § 924(c) claim (Claim 1). This one claim remains timely filed.

### C. Section 2255(f)(4)

Movant provides no new facts to support his claims that would allow him to overcome the statute of limitations.[4] Thus, the Court should find that Claims 2 through 5 are TIME BARRED.

### D. Equitable Tolling

Movant has also not demonstrated that he is entitled to equitable tolling,

---

[4] Movant is cautioned that arguments not raised by Movant before the magistrate judge cannot be raised for the first time in objections to the undersigned's Report. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Here, if Movant attempts to raise a new claim or argument in objections, the Court should exercise its discretion and decline to address the newly-raised arguments.

which is a rare and extraordinary remedy. *See San Martin v. McNeil*, 633 F.3d 1257 (11th Cir. 2011). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (citation and internal quotation marks omitted); *see also Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence.").

The extraordinary circumstances must be circumstances beyond the petitioner's control. *See Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Furthermore, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See San Martin*, 633 F.3d at 1267. The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *Id.* (quotations omitted).

Movant does not present any factors that would entitle him to equitable tolling. Although Movant states he is uncertain whether counsel filed an appeal upon his request or, alternatively, that his counsel refused to file an appeal upon his request. Liberally construed as a separate claim or rationale to support equitable tolling, not only does Movant fail to provide factual support for the claim but the

12

record stands in stark contrast to his assertions. The assertion is false as the record indicates counsel filed two direct appeals and a notice of appeal challenging the decision on Movant's § 3582 motion. Perjurious claims do not warrant relief.

## VI.    Discussion – Claim 1

### A.  *Grajales Has the Burden of Proof to Establish His Davis Claim*

It is well established that in all § 2255 cases, the movant bears the burden of proving his claims and entitlement to relief. *See In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016) (collecting cases). More specifically, in the context of a *Davis* claim, a § 2255 movant must prove "that his § 924(c) conviction resulted from application of *solely* the [now defunct] residual clause [in § 924(c)(3)(B)]." *Hammoud*, 931 F.3d at 1041 (emphasis added) (citing *Beeman*, 871 F.3d at 1222-25; *Moore*, 830 F.3d at 1271); *but see Wainwright v. United States*, No. 19-62364-CIV-COHN, 2020 U.S. Dist. LEXIS 63247, at *40-43 (S.D. Fla. Apr. 6, 2020) (suggesting that the Eleventh Circuit's instructions on the burden in a *Davis* claim are nonprecedential dicta, distinguishing *Beeman* as applied to a *Davis* claim, and stating that the movant's burden is "to show by a preponderance of the evidence, that is it unclear whether the jury based its convictions on [a constitutionally invalid ground.]").

"If it is just as likely that the [jury] relied on [§ 924(c)'s] elements . . . clause, solely or as an alternative basis for the [conviction], then [] movant has failed to show

13

that his [§ 924(c) conviction] was due to use of the residual clause." *Id.* at 1222; *see also In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019) ("[T]he [§ 2255] movant . . . bears the burden of proving the likelihood that the jury based its verdict of guilty . . . solely on the [offense that is not a crime of violence under § 924(c)'s residual clause], and not also on one of the other valid predicate offenses identified in the count . . ." (citing *Beeman*, 871 F.3d at 1222; *Moore*, 830 F.3d at 1272)).

Under the ACCA, the statute discussed in the Supreme Court's *Johnson* decision, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of fifteen years if he or she has three prior convictions for a violent felony or serious drug offense. *See* 18 U.S.C. § 924(e)(1). Before *Johnson*, a violent felony was defined as any offense punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or certain enumerated offenses, including burglary, arson or extortion, or offenses that involved the use of explosives, or any felony that "*involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added).

The final clause was commonly known as the risk-of-force clause or the residual clause and *Johnson* held that this clause was void for vagueness. The Eleventh Circuit held that in order to prove a *Johnson* claim, "a movant must

14

establish that his sentence enhancement 'turn[ed] on the validity of the residual clause.' In other words, he must show that the clause actually adversely affected the sentence he received." *Beeman*, 871 F.3d at 1221 (citing *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016)). Movant has the burden to

> show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause. We rest our conclusion that a § 2255 movant must prove his *Johnson* claim on a long line of authority holding that a § 2255 movant bears the burden to prove the claims in his § 2255 motion.

*Id*. at 1222.

Following *Johnson* and *Dimaya*, which invalidated the residual clause in 18 U.S.C. § 16(b), in *Davis*, the Supreme Court similarly found the residual clause of § 924(c) was unconstitutionally vague because there was no "material difference" between the residual clauses of § 16(b) and § 924(c). *Davis*, 588 U.S. at ___, 139 S. Ct. at 2326. Still, like the ACCA, the elements clause of § 924(c)(3)(A) remains intact. Therefore, unless Movant can demonstrate that his conviction, more likely than not, rested upon the now-void residual clause, his claim fails.

### B. The Predicate Offenses Supporting Movant's Section 924(c) Conviction are a Drug Trafficking Crime and a Crime of Violence

Section 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence *or* drug trafficking crime, or possesses a firearm in furtherance of such crimes, as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to ***any crime of violence or drug trafficking crime*** (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possess a firearm shall, in addition to the punishment provided for such crime of violence or drug trafficking crime -
>
> (i)    be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii)  if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).

The term "crime of violence" is defined in two subparts: the elements clause § 924(c)(3)(A) and the residual clause § 924(c)(3)(B). Pursuant to the elements clause, a "crime of violence" is "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). On the other hand, the residual clause

16

additionally includes as a crime of violence "an offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Only the residual clause of § 924(c)(3) was found to be void for vagueness in *Davis*.

In looking to potential predicate crimes of violence, both Hobbs Act robbery and attempted Hobbs Act robbery categorically qualify as crimes of violence under the elements clause, § 924(c)(3)(A). This is because an attempted federal offense, the completed offense of which categorically qualifies as an elements clause crime of violence, also categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. *See United States v. St. Hubert*, 909 F.3d 335, 349 (11th Cir. 2018), *cert. denied*, *St. Hubert v. United States*, 140 S. Ct. 1727 (U.S. June 8, 2020). Thus, both Hobbs Act robbery and attempted Hobbs Act robbery categorically qualify as "crimes of violence" under the elements clause of § 924(c)(3)(A). *See id*.; *see also In re Saint Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016). In contrast, conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)(3)'s elements clause. *See Brown v. United States*, 942 F.3d 1069, 1075-76 (11th Cir. 2019) (*per curiam*).

Under § 924(c) the predicate offense can either be a crime of violence or a drug

trafficking crime. Even so, the Eleventh Circuit has "held that a conviction under § 924(c) does not require that the defendant be convicted of, or even charged with, the predicate offense. Instead, § 924(c) requires only that the predicate crime be one that may be prosecuted." *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (citing *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005); 18 U.S.C. § 924(c)(1)(A)). Thus, "[t]o the extent that [a movant] is arguing that he must be convicted of the predicate drug trafficking crime or that the crime must be charged in the indictment, he is wrong." *United States v. Treffinger*, 464 F. App'x 777, 781 n.1 (11th Cir. 2012) (citing *Frye*, 402 F.3d at 1127)).

Moreover, because the remainder of § 924(c) remains intact, it also follows that a criminal defendant properly remains subject to § 924(c) where the companion offense is a drug trafficking crime. *In re Navarro*, 931 F.3d 1298 (11th Cir. 2019).

Movant's § 924(c) conviction can be predicated on two drug trafficking offenses: (Count 3) conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and (Count 4) attempt to possess with intent to distribute five kilograms or more of cocaine. A conviction under 18 U.S.C. § 924(c)(1)(A) is supported by the drug trafficking crime of conspiracy to possess cocaine with the intent to distribute. *United States v. Isnadin*, 742 F.3d 1278, 1307-08 (11th Cir. 2014). It is worth noting that "a conviction and sentence under

18

§ 924(c) requires only one companion conviction, not two. *See* § 924(c)(1)(A)." *Myrthil v. United States*, 733 F. App'x 480, 482 (11th Cir. 2018).

Here, the indictment identifies three predicate offenses: two drug trafficking crimes and attempted Hobbs Act robbery. More importantly, the Indictment charged in Count 5 that Movant was in possession of the firearm "in furtherance of a crime of violence and a drug trafficking crime." [CR ECF No. 324]. Still, "it was necessary for the jury only to find [Movant] possessed a firearm in furtherance of a crime of violence or a drug trafficking crime." *Grajales*, 567 F. App'x at 776, n.3. A jury found Movant guilty of all charges. Thus, there are at least three predicate offenses that qualify as predicate offense though only one was necessary to support the § 924(c) conviction.

To the extent, Movant challenges § 924(c) only generally as unconstitutional per *Johnson*, and later, per *Dimaya* or *Davis,* it is well-settled while the residual clause was void, the remainder of § 924(c) is valid.

### C. *The Jury Found Unanimously that Movant Committed a Predicate Offense to Support the § 924(c) Conviction*

The superseding indictment charged Movant with Count 5 in the conjunctive: possession of the firearm "in furtherance of a crime of violence and a drug trafficking crime." [CR ECF No. 31, 324]. Movant's original conviction was reversed on appeal based on the trial court's failure to give a requested jury instruction and other issues.

19

*Grajales*, 450 F. App'x 893. The case was tried again. [CR ECF Nos. 392-397]. At

the second trial, the trial judge instructed the jurors with regard to § 924(c) charge

(Count 5) as follows:

> . . . Section 924(c)(1) makes it a separate federal crime or offense
> for anyone to knowingly possess a firearm in furtherance of a
> federal drug trafficking crime, crime of violence, or both. The
> defendant can be found guilty of the offense as charged in Count
> 5 of the indictment only if all of the following facts are proved
> beyond a reasonable doubt:
>
> First, that the defendant committed a drug trafficking offense or
> crime of violence as charged in Counts 1, 2, 3, or 4 of the
> indictment.
>
> And second, that during the commission of that offense, the
> defendant knowingly possessed a firearm in furtherance of that
> drug trafficking crime or crime of violence as charged in the
> indictment.

[CR ECF No. 396 at 99-100].

There is no dispute that the verdict form does not specify which predicate offense

supported the § 924(c) conviction. [CR ECF No. 372]. But the fact that the verdict

form is unclear as to which predicate offense supports the § 924(c) conviction does

not mean the Court should presume that his conviction relies on the least of the acts;

such an argument is misplaced. There is no legal basis for the Court to use the least

culpable conduct as supporting the § 924(c) conviction.

Based upon the nature of the evidence presented of a planned and attempted

Hobbs Act robbery of a large quantity of cocaine while armed, the intertwined nature of the robbery and drug trafficking offenses, and the fact that Movant was convicted of all of the offenses, the jury must have necessarily found the firearms were an integral part of the attempted robbery and drug trafficking crimes. The Eleventh Circuit addressed the sufficiency of the evidence supporting the § 924(c) conviction on direct appeal:

> The CI and an undercover law enforcement officer solicited Grajales's assistance in planning an armed robbery of 30 kilograms of cocaine from a "stash house." R at 2699. During Grajales' trial, the government presented video and audio recordings of several meetings and telephone calls in which Grajales, the CI, the undercover officer, and several of Grajales's co-conspirators planned the robbery over the course of approximately three weeks. During these conversations, Grajales asked the CI and the undercover officer numerous questions about the drugs and the stash house, discussed the need for weapons on several occasions, and discussed how the stolen drugs would be divided and sold. On November 4, 2009, the night of the planned robbery, Grajales and his co-conspirators were arrested, when they arrived at the final meeting location before they proceeded to the stash house. A loaded semi-automatic gun was found hidden in a car driven to the scene by one of Grajales's co-conspirators . . .
>
> Possession of a firearm may be actual or constructive. *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (*per curiam*). A defendant's knowing participation in a joint criminal venture in which a particular firearm is intended to play a central part permits the jury to conclude reasonably the defendant constructively possessed that gun. *Id*. This is true even if the defendant never intended to use the gun, because he shares his co-participants' intent and jointly possesses the gun as part of the

21

criminal enterprise surrounding its possession. *Id*. at 577.

Grajales does not contest the terms "crime of violence" and "drug trafficking crime" in § 924(c) include the robbery and drug crimes charged, *see* 18 U.S.C. § 924(c)(2), (3), or that the gun recovered during his arrest was possessed "in furtherance" of the offenses, *see United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008). Grajales challenges only the jury's finding he possessed a gun in this case. The jury heard: (1) while riding in a car on the night of the planned robbery, Grajales told the CI guns were "inside the hood" and others were armed, R at 2968; and (2) Grajales helped a co-conspirator hide a gun in one of the cars. Based on the numerous discussions between Grajales and other co-conspirators regarding the need for weapons during the robbery, the jury also was entitled to find Grajales knowingly participated in crimes in which the recovered handgun was intended to play a central part. *See Perez*, 661 F.3d at 576-77. We conclude there was sufficient evidence to support Grajales's § 924(c)(1)(A) conviction, because the jury could have determined Grajales knew about the recovered gun.

*Grajales*, 567 F. App'x at 773-75.

In the end, Movant was convicted of possession of a firearm in furtherance of a crime of violence and a drug trafficking offense. [CR ECF No. 382]. Here, both exist. Three predicate offenses support the § 924(c) conviction – an attempted Hobbs Act robbery (Count 2) and two drug trafficking offenses (Counts 3 and 4). More importantly, the Eleventh Circuit found that the evidence was sufficient for the jury to conclude Movant readily participated in planning and executing the attempted armed drug robbery, and there was sufficient evidence to support both the § 924(c) conviction as well as the guideline enhancement. *Grajales*, 567 F. App'x at 774

22

Ultimately, under *Beeman*, it remains Movant's burden to demonstrate more likely than not the jury relied solely on the offense that is no longer a qualifying predicate. Specifically, to prove his claim, Movant must show that it is more likely than not that he was adjudicated guilty under § 924(c)'s residual clause. Under these facts, he cannot sustain that burden.

In this Court, District Judge Lenard recently opined: "[i]f it is just as likely that the movant was adjudicated guilty of using or carrying a firearm during, or possessing a firearm in furtherance of, a "crime of violence" under Section 924(c)(3)(A)'s "elements clause,'" then his motion fails. *Martinez v. United States*, No. 19-23455-CV-Lenard, 2020 U.S. Dist. LEXIS 14282 (Jan. 27, 2020) (citing *United States v. Cooper*, No. 4:99cr37-RH-CAS, 2019 U.S. Dist. Lexis 141917, 2019 WL 3948098 at 1 (N.D. Fla. Aug. 20, 2019)); *but see Wainwright*, *supra*. For these same reasons, Movant fails to show that the clause actually adversely affected the sentence he received and cannot satisfy his burden under *Beeman*.

To the extent there would be argument that the indictment was somehow duplicitous or was otherwise defective under *Alleyne v. United States*, 570 U.S. 99 (2013), an independent duplicitous indictment claim is not cognizable here because Alleyne does not apply retroactively on collateral review. *See Jeanty v. Warden*, 757 F.3d 1283, 1285 (11th Cir. 2014).

23

### D. Whether Stromberg Applies

Finally, to the extent that there may be any argument challenging the indictment and general verdict based on *Stromberg v. People of California*, 283 U.S. 359 (1931), such an argument would still fail under these facts. First, any claims challenging the indictment or general verdict, are, as explained previously, barred by the statute of limitations because neither *Johnson*, *Dimaya*, or *Davis* apply to those claims to overcome the timeliness hurdle. Furthermore, the Eleventh Circuit explained that "*Stromberg* held that 'a conviction cannot be upheld if (1) the jury was instructed that a guilty verdict could be returned with respect to any one of several listed grounds, (2) it is impossible to determine from the record on which ground the jury based the conviction, and (3) one of the listed grounds was constitutionally invalid.'" *Knight v. Dugger*, 863 F.2d 705, 730, (11th Cir. 1988). *See also In re Cannon*, 931 F.3d at 1243 (it remains Movant's burden to establish the jury based its decision solely on the [offense that is not a crime of violence under § 924(c)'s residual clause]).

Here, while Movant possibly meets (1) and (3), it would likely nevertheless fail because, it is possible to determine from the record which grounds supported Movant's conviction. It is possible to make that determination here because, as previously discussed, all of the acts and offenses were intertwined; and Movant was

24

found guilty of all of them. Under these facts, it is unlikely that the jury would have relied solely upon the Hobbs Act robbery conspiracy count as the predicate offense for Movant's § 924(c) conviction. The trial evidence demonstrated that Movant not only agreed to commit an armed robbery and a drug trafficking crime as determined on appeal. Movant was found guilty of attempted Hobbs Act robbery and drug trafficking offenses that were unaffected by the now-defunct § 924(c)(3)(B) residual clause; and, the events that established his guilt of the drug trafficking conspiracy and substantive drug trafficking crime and the attempted Hobbs Act robbery were so interrelated that he could hardly have been found guilty of one without being guilty of the other.

Accordingly, for all of the above reasons, Movant's Motion to Vacate is should be DENIED.

## VII.   Fundamental Miscarriage of Justice

To the extent Movant is arguing that he is entitled to equitable tolling of the limitations period because the failure to review the petition on the merits will result in a fundamental miscarriage of justice, that claim also warrants no relief.

The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such

25

review is necessary to correct a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d 880, 882 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that § 2244(d)'s limitations period carries an exception for actual innocence; and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. *See Taylor v. Sec'y, Dep't of Corr.*, 230 F. App'x 944, 945 (11th Cir. 2007) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence.'); *Wyzykowski v. Department of Corr.*, 226 F.3d 1213, 1218-19 (11th Cir. 2000) (leaving open the question whether the § 2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). *But cf. United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his § 2255 motion."). However, several other circuits have recognized such an exception. *See*, e.g., *Souter*

*v. Jones*, 395 F.3d 577 (6th Cir. 2005); *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002). Assuming, without deciding, that actual innocence might support equitable tolling of the limitation period, notwithstanding, Movant has failed to make a substantial showing of actual innocence.

Were "actual innocence" an exception to the application of the one-year limitations provisions of § 2255, the Court would still be precluded from reviewing the claim presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. *Id.*; *see also High v. Head*, 209 F.3d 1257 (11th Cir. 2000). To be credible, a claim of actual innocence requires the movant to "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in

the outcome of the trial. *Id.* at 316.

No such showing has been made here. Even if such an exception exists, Movant has failed to make the requisite showing of actual innocence that would support consideration of his untimely motion to vacate on the merits. To the contrary, on the record before this Court, a jury found that Movant was guilty; and the appellate court affirmed the convictions and sentence. Moreover, Movant's claims ultimately challenge the legal sufficiency of his conviction. No fundamental miscarriage of justice will result by time-barring Claims 2 through 5. Movant has not made the threshold showing of actual innocence.

Under the totality of the circumstances present here, the Movant does not qualify for statutory or equitable tolling. Consequently, Claims 2 through 5 are UNTIMELY and should be DISMISSED.

## VIII.    Evidentiary Hearing

Movant is not entitled to an evidentiary hearing. Movant has the burden of establishing the need for an evidentiary hearing and would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing); *see also Townsend v. Sain*, 372 U.S. 293, 307 (1963).

## IX.   Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal and must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of the record as a whole, this Court should grant a certificate of appealability due to the novelty of the issue regarding the alternative means of supporting Movant's conviction in Count 5, as well as the applicability of published decisions from applications for second or successive motions to vacate, and the debate regarding the appropriate burden Movant must meet.

More specifically, reasonable jurists might find the district court's assessment of the constitutional claims debatable or wrong as to whether Movant's burden of proof requires him to prove that it is more likely than not that he was adjudicated guilty solely under § 924(c)'s residual clause or, as in *Wainwright*, "to show by a preponderance of the evidence, that is it unclear whether the jury based its convictions on [a constitutionally invalid ground.]" There has been considerable debate regarding the burden of a movant in a *Davis*-based § 2255, and at least one member of this Court has stated that the Supreme Court decision in *Stromberg*, 283 U.S. 359, and the Eleventh Circuit's decision in *Knight*, 8632 F.2d at 730, are controlling in this case. *See Wainwright*, *supra*. Thus, to the extent that the Court may be relying upon the incorrect legal standard that Movant must meet in order to prove he is entitled to relief, the Undersigned recommends granting a certificate of appealability.

Second, reasonable jurists could disagree with respect to the precedential weight that should be afforded to prior published panel decisions on applications for second or successive motions to vacate. *See St. Hubert*, 140 S. Ct. 1727 (U.S. June 8, 2020). No. 19-5267 (slip op.) (Sotomayor, J.) (suggesting that the Eleventh Circuit's process treatment of these decisions could potentially violate Due Process). This issue is also implicated in *Wainwright*, where another member of this Court suggested that portions of certain published panel decisions on applications for

successive motions to vacate were nonprecedential dicta, otherwise they would conflict with controlling earlier published decisions from the Eleventh Circuit and binding Supreme Court precedent in *Stromberg*. Accordingly, to the extent that this Court relies upon such language from published decisions from applications for successive motions to vacate as wholly controlling and dispositive of the issues in this case, a certificate of appealability should be granted on this issue as well.

## X.    Recommendations

Based on the foregoing, it is recommended that Claims 2 through 5 be DISMISSED as UNTIMELY because there is no new constitutional rule that would permit Movant to overcome the statute of limitations on these claims. It is also recommended that Movant's *Davis* claim (Claim 1) be DENIED on the merits, and however, that a certificate of appealability be issued as described above, and that this case be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this day of 29th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     Alberto Grajales
        86613-004
        Williamsburg Federal Correctional Institution
        Inmate Mail/Parcels
        Post Office Box 340
        Salters, SC 29590
        PRO SE

        J. Mackenzie Duane
        United States Attorney's Office
        99 N.E. 4th Street
        Miami, FL 33132
        305-961-9341
        Email: mackenzie.duane@usdoj.gov