UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-24179-CIV-SEITZ
(09-20964-CR-SEITZ)

ALBERTO GRAJALES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE, DENYING MOTION TO VACATE, GRANTING CERTIFICATE OF APPELABILITY AND CLOSING CASE

THIS CAUSE is before the Court on the Revised Report of Magistrate Judge [DE 19].[1] The Movant has not filed objections and the time for doing so has expired. The Court has conducted a *de novo* review of the issues raised in the Revised Report and has conducted a thorough review of the relevant portions of the file and record. Based thereon, for the following reasons, the Court adopts and affirms the Revised Report, denies the Motion to Vacate, and grants a Certificate of Appealability as recommended in the Revised Report.

I. *Background*

Movant challenges his conviction arising from an undercover reverse sting operation involving the attempted robbery of 30 kilograms of cocaine. Movant was charged in five counts of the Indictment. In Count 1, Movant was charged with Conspiracy to interfere with commerce

---

[1] The Magistrate Judge issued a Revised Report after the undersigned recommitted the matter to the Magistrate Judge to consider the Movant's claim under *United States v. Davis*, 139 S. Ct. 2319 (2019), in light of the Eleventh Circuit's then-recent rulings in *In Re Cannon*, 931 F. 3d 1236 (11th Cir. 2019), and *Brown v. United States*, 942 F. 3d 1069 (11th Cir. 2019). [DE 14].

by threats or violence by robbery (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951 (a).  In Count 2, Movant was charged with attempt to interfere with commerce by threats or violence by robbery (Hobbs Act Robbery) in violation of 18 U.S.C. §1951 (a). Counts 3 and 4 contained the drug charges.  Count 3 alleged conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846.  Count 4 alleged attempt to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846.  The drugs at issue in both of those Counts were the object of the attempted Hobbs Act Robbery.  Finally, Movant was charged in Count 5 with possession of a firearm in furtherance of a crime of violence and a drug trafficking crime, as set forth in Counts 1, 2, 3 and 4, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5).  The Movant was convicted on all five counts following a jury trial.

II. *The Magistrate Judge's Revised Report*

The Revised Report describes the five claims in the Movant's Amended Motion to Vacate as:

 1. Section 924(c) is void for vagueness and should be vacated in accordance with *Johnson*, and by extension, *Dimaya*;

 2. The indictment is illegal and unconstitutional because Counts 1 and 3 charge the same elements in violation of *U.S. v. Reedy*;

 3. Movant's conviction is illegal based on an entrapment defense;

 4. Counsel was ineffective during the entire course of representation for failure to argue any mitigating factors that would have resulted in a more favorable sentence;

 5. Also, throughout the petition, Movant alleges that he is unaware whether his attorney filed an appeal, or alternatively, that his attorney refused to file an appeal when he specifically instructed him to do so.

[DE 19 at 2-3].

The Revised Report recommends that the Movant's Motion to Vacate be denied in its entirety and the case be closed. Specifically, as to Claims 2 through 5, the Revised Report recommends that those claims be denied as time barred. As to Claim 1 (the "*Davis*" claim), the Revised Report recommends that the claim be denied on the merits because the Movant is unable to meet his burden of demonstrating that the jury relied upon conspiracy to commit Hobbs Act Robbery to support his § 924(c) conviction.[2] However, the Magistrate Judge recommends that a Certificate of Appealability issue as to whether Movant's burden of proof requires him to prove that it is more likely than not that he was adjudicated guilty solely under § 924(c)'s residual clause that the Supreme Court has found to be unconstitutional. The Magistrate Judge further recommends that a Certificate of Appealability should issue as to what weight should be afforded to prior published panel decisions on applications for successive motions to vacate to the extent that the Magistrate Judge relied on such cases to determine the Movant's burden in this case.

III. *Analysis*

  A. Claims 2 through 5 are untimely

In the Revised Report, the Magistrate Judge determined that Claims 2 through 5 were untimely because they were not filed within a year of the Movant's August 25, 2014 conviction becoming final as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2255. The Report notes that the Movant failed to point to an applicable new rule of constitutional law that should be applied retroactively to cases on collateral review or to provide any other valid basis, *e.g.* equitable tolling, actual innocence, to excuse the Movant's untimely filing as to those Claims.

---

[2] In the initial Report, the Magistrate Judge correctly re-characterized Claim 1 as seeking relief pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), and addressed Movant's claims as arising under *Davis* in the Revised Report.

The Magistrate Judge's conclusion is correct. The Movant did not seek relief on these Claims until he filed the instant § 2255 Motion on October 1, 2018, well after the one-year AEDPA limitation had expired. Further, he has not provided any basis for excusing this untimely filing. As such, the undersigned adopts the Magistrate Judge's reasoning as to Claims 2-5 and denies them as untimely.

B. The Movant has not met his burden as to Claim 1, the *Davis* Claim

As to Claim 1, the Movant seeks relief based upon the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause of 18 U.S.C. § 924(c) was unconstitutionally vague. Movant argues his conviction for Count 5 cannot stand because it was based on conspiracy to commit Hobbs Act Robbery which no longer qualifies as a crime of violence under § 924(c)'s invalid residual clause.

In rejecting this argument, the Magistrate Judge acknowledged that the verdict form did not specify which Counts in the Indictment the jury relied upon to support a conviction for Count 5. However, based on the Eleventh Circuit's holding in *Beeman v. United States*, 871 F.3d 1215, 122 (11th Cir. 2017), the Magistrate Judge concluded that the Movant had failed to meet his burden of demonstrating that it was more likely than not that the jury relied solely on the invalidated predicate offense of conspiracy to commit Hobbs Act Robbery in convicting him of Count 5.

The Magistrate Judge also rejected any potential argument that the Movant was entitled to relief based on *Stromberg v. People of California*, 283 U.S. 359 (1931). Specifically, the Magistrate Judge found that the Movant was unable to meet all three of the *Stromberg* factors, as he was unable to demonstrate that it is impossible to determine from the record on which ground

4

the jury based its Count 5 conviction.[3] On this point, the Magistrate Judge explained that all of the acts and offenses were intertwined, and thus it was unlikely that the jury would have solely relied upon Hobbs Act robbery conspiracy as the predicate offense.

Based on the Court's review of the evidence at trial, the Court agrees with the Magistrate Judge's determination on these issues, as the Movant is unable to satisfy his burden as discussed in *In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019) and *Beeman v. United States*, 871 F.3d 1215, 122 (11th Cir. 2017). Specifically, the Court finds that there is no reasonable possibility that the jury's § 924(c) verdict rested solely on the Hobbs Act conspiracy Count. This is because the conspiracy to commit Hobbs Act robbery was inextricably intertwined with and in furtherance of the drug-trafficking offenses, which the jury found proven beyond a reasonable doubt.[4] See *In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019). Movant is therefore unable to meet his burden of demonstrating the likelihood that the jury based its verdict of guilt for Count 5 *solely* on the Hobbs Act conspiracy and not also on one of the other valid predicate offenses, *e.g.* attempted Hobbs Act Robbery or drug trafficking crimes, identified in the Indictment. See *Id.* (citing *Beeman v. United States*, 871 F.3d 1215, 122 (11th Cir. 2017). The Court however notes that the issues presented in both *In Re Cannon* and *Beeman* are distinguishable from the case at bar. In *in Re Cannon*, the issue was whether the movant was entitled to file a second or

---

[3] In *Stromberg v. California*, 283 U.S. 359, 368 (1931), the Supreme Court held that "a conviction cannot be upheld if (1) the jury was instructed that a guilty verdict could be returned with respect to any one of several listed grounds, (2) it is impossible to determine from the record on which ground the jury based the conviction, and (3) one of the listed grounds was constitutionally invalid."

[4] Movant, while not in possession of the gun, stated on tape that his people would be able to provide guns to use in the robbery of the drugs thus establishing he conspired to use the gun in the Hobbs Act robbery, in the attempt to commit Hobbs Act robbery and in furtherance of the drug crimes.

5

successive § 2255 Motion which raised a *Davis* claims. In *Beeman,* the reviewing Court examined a challenge arising under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA") and thus did not address § 924(c) issues raised pursuant to *Davis*.

Further, as noted in the Revised Report, there is at least one case in this district that holds that the burden allocated to the movant in *Beeman*, which required the movant to show that it was more likely than not that he received an enhanced sentence, is not applicable to a § 924(c) *Davis* challenge akin to the one in this case. See *Wainwright v. United States*, No. 19-62364-CIV-COHN, 2020 U.S. Dist. LEXIS 63247 at *40-43 (S.D. Fla. Apr. 6, 2020). However, even that decision recognized that the Eleventh Circuit's opinion in *In Re Cannon* suggested that a movant asserting a *Davis* claim has the burden of showing that the predicate crimes for his conviction were not so inextricably intertwined that the jury's finding of guilt for Hobbs Act offenses necessitated the jury's finding of guilt of the drug predicates, as well. *Id*. at 30-31.

Here, the testimony at trial established that the conspiracy to commit Hobbs Act robbery in Count 1 was inextricably intertwined with Counts 3 and 4, the drug counts. Indeed, the object of the Hobbs Act robbery conspiracy was the same cocaine that was the subject of the conspiracy to possess and attempt to possess five kilograms or more of cocaine set forth in Counts 3 and 4. Thus, the Magistrate Judge correctly determined that the Movant in this case was unable to meet his burden under *Beeman*. Similarly, he is unable to satisfy the second *Stromberg* factor as the jury necessarily based its conviction for Count 5 on the drug counts, as well, and thus it is possible to ascertain the ground on which the jury based its conviction.

### C. Certificate of Appealability

Notwithstanding the Court's determination that the Movant is not entitled to relief, the Court will issue a certificate of appealability for Movant's motion pursuant to Rule 11 of the

Rules Governing Section 2255 Cases, as recommended by the Magistrate Judge.  In order to obtain a certificate of appealability, Movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). The undersigned agrees with the Magistrate Judge that the Movant has made this showing in this case as reasonable jurists could disagree as to whether the Movant's burden on a *Davis* claim is the same as the burden set forth in *Beeman, i.e.* that it was more likely than not that the jury relied solely on the invalidated predicate offense in convicting him of § 924(c).  Similarly, reasonable jurists could disagree as to the precedential weight of published panel decisions regarding applications for second or successive motions to vacate as in *In Re Cannon,* to the extent that those opinions are relied upon in denying relief on the merits of a § 2255 Motion.

IV. *Conclusion*

Accordingly, having carefully reviewed Magistrate Judge Reid's well-reasoned Revised Report, and the relevant parts of the record, it is

**ORDERED** that:

(1)  The Revised Report of Magistrate Judge [DE 14] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

(2)  Movant's Motion to Vacate, Set Aside or Dismiss Sentence Pursuant to 28 U.S.C. § 2255 [DE 1] is **DENIED**.

(3)  All pending motions not otherwise ruled upon in this Order are **DENIED AS MOOT**.

(4)  A certificate of appealability is **GRANTED** as to the following issues: (1) the correct legal standard that Movant must meet in order to prove that he is entitled to relief; and (2) the precedential weight that should be afforded to published panel decisions on applications for a second or successive motions to vacate.

(5)  This case is **CLOSED.**

DONE and ORDERED in Miami, Florida, this 1st day of September, 2020.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Cc:     Counsel of record